UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

REGINALD BROOKS,

Plaintiff,

v.                                         CAUSE NO. 2:25-CV-476-HAB-ALT

I. SMITH, et al.,

Defendants.

<u>OPINION AND ORDER</u>

Reginald Brooks, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brooks alleges numerous instances in 2025 and 2026 when Allen County Jail officers punished him for refusing facial recognition scans. Brooks wants to sue them for requiring him to submit to facial recognition scanning. As explained in the court's prior order, it is unlikely those scans violate the Fourth Amendment, but even if they do, the defendants have qualified immunity. ECF 11. Nevertheless, as a pretrial detainee, Brooks could not be punished without due process for refusing a facial

recognition scan. *See Bell v. Wolfish*, 441 U.S. 520 (1979). However, because there is no allegation of a physical injury, if he proves a due process violation, he may receive nominal, but not compensatory damages.

> Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury.

*Carey v. Piphus*, 435 U.S. 247, 266 (1978) (citation omitted). Brooks will be granted leave to proceed only "to recover nominal damages not to exceed one dollar." *Id*. 267. He will not be granted leave to proceed for punitive damages because he has not plausibly alleged "the defendant's conduct is . . . motivated by evil motive or intent, or . . . it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Brooks sues both named and unnamed defendants. However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If Brooks can identify these defendants through discovery or otherwise, he may file an amended complaint, but for now they will be dismissed.

For these reasons, the court:

(1) GRANTS Reginald Brooks leave to proceed against Officer I. Smith # 1625, Officer B. West, Officer I. Nichols, Cpl. Sherwood, Manley, Caldwell, Officer Smith # 1636, G. Smith, Sharp # 1655, Lt. Wacassey, Capt. Sickafoose, Sheriff

T. Hershberger, Esterline # 1553, Holmes, Mata, Cpl. Henderson, Cartright, J. Harris, Sgt. Thomas, T. Taylor, Hare, Maggart, and Wilson in their individual capacities for nominal damages for punishing him without due process for refusing facial recognition scans in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the unknown defendants;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer I. Smith # 1625, Officer B. West, Officer I. Nichols, Cpl. Sherwood, Manley, Caldwell, Officer Smith # 1636, G. Smith, Sharp # 1655, Lt. Wacassey, Capt. Sickafoose, Sheriff T. Hershberger, Esterline # 1553, Holmes, Mata, Cpl. Henderson, Cartright, J. Harris, Sgt. Thomas, T. Taylor, Hare, Maggart, and Wilson at the Allen County Sheriff's Department, with a copy of this order and the amended complaint (ECF 17);

(5) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer I. Smith # 1625, Officer B. West, Officer I. Nichols, Cpl. Sherwood, Manley, Caldwell, Officer Smith # 1636, G. Smith, Sharp # 1655, Lt. Wacassey, Capt. Sickafoose, Sheriff T. Hershberger, Esterline # 1553, Holmes, Mata, Cpl. Henderson, Cartright, J. Harris, Sgt. Thomas, T. Taylor, Hare, Maggart, and Wilson to respond, as

3

provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 12, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT