UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

REGINALD BROOKS,

Plaintiff,

v.

I. SMITH, B. WEST, I. NICHOLS, SHERWOOD, MANLEY, CALDWELL, SMITH, G. SMITH, SHARP, WACASSEY, SICKAFOOSE, T. HERSHBERGER, ESTERLINE, HOLMES, MATA, HENDERSON, CARTRIGHT, THOMAS, J. HARRIS, T. TAYLOR, HARE, MAGGART, and WILSON,

Defendants.

CAUSE NO. 2:25-CV-476-HAB-ALT

OPINION AND ORDER

Reginald Brooks, a prisoner without a lawyer, filed a motion asking the court to reconsider the screening order for three reasons. ECF 40. First, he objects because he was not allowed to proceed against an unknown sergeant and corporal whom he alleges ordered that he be locked down without due process. The unknown defendants were not dismissed because he could not state a claim against them, they were dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Brooks was granted leave to proceed against twenty-three named defendants on this same claim. He was told, "If Brooks can identify these

defendants through discovery or otherwise, he may file an amended complaint, but for now they will be dismissed." ECF 30 at 2.

Second, Brooks objects that he was not granted leave to seek punitive damages. His claim for punitive damages was dismissed because he had not plausibly alleged the defendant's conduct was motivated by evil motive or intent or involved reckless or callous indifference to his federally protected rights. Brooks argues that the lack of legislative authority to scan his face demonstrates the defendants were acting with evil intent. However, he is not proceeding on a claim for subjecting him to facial recognition scans – that claim was dismissed. So, whether there was legislative authority for facial recognition scans is not relevant to whether he has a punitive damages claim because he has no claim for facial recognition scanning.

Third, Brooks objects that he was denied leave to proceed on a Fourth Amendment Claim. He believes that subjecting him to facial recognition scans violates the Fourth Amendment. As previously explained, it does not.

> "The touchstone of the Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy." *Henry v. Hulett*, 969 F.3d 769, 776–77 (7th Cir. 2020). "The Fourth Amendment does not protect every subjective expectation of privacy, but those expectations that society is prepared to recognize as reasonable." *Id*. "As a pretrial detainee, Brooks retains his Fourth Amendment rights against unreasonable searches and seizures. *Brown v. Polk Cnty*., 965 F.3d 534, 537–38 (7th Cir. 2020). But the fact of his detention impacts what searches are reasonable under the Fourth Amendment. *Id*. Reasonableness is evaluated by "balancing 'the need for the particular search against the invasion of personal rights that the search entails.'" *Id*. at 538 (*quoting Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Relevant factors are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id*. (*quoting Bell*, 441 U.S. at 559).

ECF 11 at 4.

> In *Alicea* [v. *County of Cook*, 88 F. 4th 1209 (7th Cir. 2023)], the United States Court of Appeals for the Seventh Circuit considered whether the use of cameras to record holding cell toilets in courthouses in Cook County, Illinois violated the Fourth Amendment privacy interests of pretrial detainees. The Court of Appeals held that pretrial detainees did not have a reasonable expectation of privacy when using holding cell toilets and found their privacy rights were substantially diminished. The Court of Appeals also acknowledged that the use of cameras was reasonable given the security risks. Here, the officers' use of facial recognition technology was far less intrusive than the use of cameras to record pretrial detainees in courtroom holding cell toilets.

*Id*. at 5. Nothing in Brooks motion to reconsider explains why he has a reasonable expectation of privacy which prevents brief scans of his face when he can be continuously photographed while in the jail – including while on the toilet.

Brooks also filed a motion to lift the stay and proceed with a scheduling order because his appeal was dismissed. ECF 49. This case was stayed on Brooks' motion because he had taken an interlocutory appeal. ECF 43. The appeal is over and the stay will be lifted, but before a scheduling order is entered, this case will be referred for settlement.

Brooks is proceeding in this case on twenty-three nominal damages claims "for punishing him without due process for refusing facial recognition scans in violation of the Fourteenth Amendment[.]" ECF 30 at 3. "[N]ominal damages [do] not to exceed one dollar . . .." *Carey v. Piphus*, 435 U.S. 247, 267 (1978). It is unclear whether the defendants have any liability but given the likely limited remedy available if Brooks prevails, the parties are strongly encouraged to consider settling this case.

For these reasons, the court:

(1) DENIES the motion to reconsider (ECF 40)

(2) GRANTS the motion to lift the stay (ECF 49);

(3) LIFTS the appeal stay (ECF 43);

(4) REFERS this case to Magistrate Judge Andrew P. Rodovich for a settlement conference; and

(5) STAYS this case pending the Magistrate Judge's report of the settlement conference.

SO ORDERED on October 22, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT